R. M. STEWART v. COLFAX CONSOLIDATED COAL COMPANY, Appellant.

**Mines and Mining:** DAMAGES: ADMISSION OF EVIDENCE: HARMLESS ERROR: INSTRUCTION. In this action to recover damages for the wrongful act of defendant in mining and appropriating coal under plaintiff's land, and for damage to a building situated thereon, it appeared that plaintiff had sold to defendant's grantor the coal underlying his farm, reserving the coal under one-fourth of an acre on which the building in question was situated, but that defendant disregarding the reservation mined and removed the coal from the reserved land.

*Held,* that as the court charged the jury not to consider as an element of damage the claim that there was no other suitable site on the farm for the building, because of the mining operations, and also limited the jury to a consideration of damages caused in mining the coal from the reserved land, and consequent injury to the building, the permission of evidence of the value of the land after mining the reserved coal, on the theory that there was no other suitable site for the building, was not prejudicial to defendant.

*Held* also, that evidence of loss of value to the farm because of injury to the building site, and of loss of value to the farm on the theory that after the coal had been mined under the building site there was no other suitable site for the building on the premises, was inadmissible on the question of damages.

Same: MEASURE OF DAMAGES. The measure of damages for wrongfully mining the coal in the reserved tract was the value of the coal immediately before the taking and removal of the same when considered in the light of its accessability, the result of rightful mining operation under the contract of sale, and not the value of the coal in place regardless of facilities for removing the same afforded by the rightful mining operations, nor its value when brought to the surface and ready for market.

Same: EVIDENCE: TRESPASS: DAMAGES: AFFIRMANCE OF RULING BY EQUALLY DIVIDED COURT. Upon an equal division of the appellate court a ruling of the trial court will stand affirmed by operation of law. Under this rule the determination of the trial court that the allegations of plaintiff's petition were insufficient to permit evidence of wilful or negligent trespass by defendant in removing the coal from the reserved land, and of its value at the mouth of the mine, is sustained.

Same: GRANTS: RESERVATION: SUFFICIENCY OF DESCRIPTION. Although the description of land reserved from the grant in this case may not have been sufficiently definite to support a conveyance, still, as the reservation had reference to a certain area of coal to be left for a support to a building situated upon the reserved tract the description was sufficiently certain to require the grantee to leave the designated amount of coal unmined, and to authorize recovery for the value of the coal taken therefrom.

Retaxation of costs: PRESUMPTION ON APPEAL. The trial court may examine the transcript of evidence for the purpose of determining the cost of making the same; and it will be presumed on appeal that the lower court made a proper ruling on a motion to retax such costs, in the absence of a contrary showing, and the appellate court will not go to the certified transcript to determine the facts for itself.

*Appeal from Jasper District Court.*—HON. BYRON W. PRESTON, Judge.

MONDAY, MAY 16, 1910.

ACTION to recover damages occasioned to plaintiff by the wrongful act of defendant in mining and appropriating from plaintiff's land the coal under one-quarter of an acre, which had been reserved from a sale by plaintiff to defendant's grantor of the coal lying under the tract of land described in said grant, and the additional damage resulting from injury to plaintiff's barn situated upon and supported by the one-fourth acre reserved in said grant. There was a verdict for plaintiff in double damages, under Code, section 2485, in the sum of $2,064.50, and from judgment on this verdict defendant appeals, alleging errors in the rulings and instructions of the court relating to the measure of damages. The plaintiff also appeals. The defendant, having first appealed, will be treated as appellant. —*Affirmed.*

*Ryan & Ryan,* for appellant.

*E. J. Salmon* and *Tripp & Tripp,* for appellee.

McCLAIN, J.—In the instrument executed by plaintiff to defendant's grantor conveying the right to the coal underlying a forty-acre tract of land constituting plaintiff's homestead and on which were located the house, barn, and other improvements, occupied by the plaintiff in conducting a farm of two hundred and forty acres of which the forty-acre tract constituted a part, there was a reservation as follows: "Except one-fourth of an acre upon which the grantor's house is now situated, and one-fourth of an acre upon which the grantor's barn is now situated, and also excepting a tract extending ten feet each way from the deep well now used upon said premises." There are provisions in the instrument for the use of portions of the surface of the tract in carrying on mining operations. The right to take coal from under the other portion of the land constituting the two-hundred and forty-acre farm

was conveyed to the same grantee under a separate instrument executed a short time before the execution of the instrument in question. The action is to recover damages for mining under the barn, in violation of the reservation of one-fourth of an acre upon which the barn is situated, and the damages asked relate to the wrongful taking of the coal and the damage caused to the barn by the subsidence of the soil resulting from the mining operations. As to the measure of injury for the removal of the coal the court adopted a rule not satisfactory to either party, and plaintiff's cross-appeal may be properly considered in connection with the allegations of error made for defendant in that respect.

I. In the course of the introduction of the evidence for plaintiff testimony of a witness was received, over defendant's objection, as to the value of the entire two-hundred and forty-acre farm, and also as to

1. MINES AND
MINING:
damages:
admission of
evidence:
harmless error:
instruction.

the value of the forty-acre tract, respectively, before and after the mining out of the coal under the barn, under the contention for plaintiff that, after the coal was mined under the barn, that site was not a suitable site for such purpose, and that there was no other suitable site on the premises. But on a motion to strike out this evidence the court reserved final ruling, and afterwards instructed the jury not to consider as an element of damage the claim that there is no other place on the forty acres or on the two hundred and forty acres suitable for a barn site, and further limited the jury to the consideration of the damages caused in mining out the coal from the quarter acre reserved under the barn and the consequent injury to the barn itself, and he specially told the jury that, although testimony had been introduced during the trial as to different rules for the measure of damages, the jury should be governed by the rules stated to them by the court in its instructions. It is contended for appel-

'lant that the error in allowing witnesses to testify as to the value of the whole farm and the forty-acre tract alone prior to the wrongful act of defendant and subsequent thereto was not entirely cured by these instructions; but, on an examination of the record, we are satisfied that if the jury followed the direction of the court, and it must be assumed it did so, no prejudice could have resulted to the defendant from the admission of the evidence referred to, conceding that it was erroneous, or from not more specifically excluding the testimony of certain witnesses. The case is plainly not one for evidence as to the value of either the entire farm or the forty-acre tract alone before and after the wrongful act of defendant in removing the coal from under the barn. Plaintiff had for a valuable consideration sold to defendant's grantor the right to remove the coal from the entire farm, reserving only so far as is necessary for present consideration the coal under the barn. It was not the fault of defendant that other portions of the premises were rendered unsuitable for a barn site by reason of the removal of coal. Estimates of witnesses as to how much less the farm would be worth on account of the destruction of the existing barn site as a suitable place for maintaining a barn would be too remote and speculative to be of any value as a guide to the jury in the allowance of damages. We find no merit in plaintiff's contention that the court erred in not allowing this evidence to go to the jury as a basis on which to determine the damages suffered.

Laying aside the claim that the depreciation in value of the farm should have been considered, we have still to determine a controversy between counsel as to the measure of damages on the general basis on

2. SAME: measure of damages. which the court allowed the case to go to the jury—that is, the basis of compensation for the coal wrongfully taken—the contention for plaintiff being that the measure of damage should be the value

of the coal from the quarter acre tract as brought by
defendant to the surface ready for sale, while the defend-
ant contends that it should be the value of the quarter
acre of coal lying in the vein. The court adopted a rule
not satisfactory to either party, and directed the jury
that "the measure of plaintiff's damages as to the coal
taken from under the quarter of an acre reserved under
the barn is double the fair and reasonable value of said
coal in the earth or vein immediately before the taking
and removal thereof took place." The contention made
for defendant that the measure of damage for the wrong-
ful removal of the coal should be its value in place, re-
gardless of any facilities for its removal afforded by the
operation of the defendant in mining the remainder of
the coal, seems to us not well founded. The coal under-
lying a quarter-acre tract of land, with no right to mine
the coal around it, would have no market value whatever,
and could not be sold. The size of the tract from which
the coal may be removed by the purchaser, and its accessi-
bility from other property on which the same party has
the right to mine coal, has much to do with the salability
of coal privileges. Therefore the price which defendant
paid per acre for the coal under the remainder of the
tract would not be controlling in determining the value of
the coal privilege under this particular quarter-acre tract.
On the other hand, a purchaser of the coal underlying
a considerable tract must take his chances as to faults in
the vein and its thickness in different portions of the
tract; he can not with any amount of prospecting know
absolutely how much coal will be yielded by each particular
acre of land. When it had been ascertained by mining on
all sides of this quarter-acre reservation just what the
thickness of the vein and the quality of the coal was, it
acquired a value quite different from that which it would
have had as a portion of the forty-acre tract before min-
ing operations were commenced; and the fact that it was

thus rendered accessible for removal without additional expense for machinery, shafts, or entries very materially increased its value beyond that which it possessed before defendant's mine was opened and the coal in adjoining portions of the forty-acre tract had been taken out. This increased value of the coal did not belong to defendant, although it was due to defendant's mining operations, for the defendant had expressly agreed to allow it to remain as plaintiff's property. Had plaintiff and defendant negotiated specially for the purchase by defendant of the coal under this quarter-acre tract under the conditions above described, each would have properly taken into account the situation as it then existed, and the value of the coal would unquestionably have been estimated on that basis. The defendant is not in a situation, therefore, to claim that the court erred as against it in allowing the jury to consider the value of the coal for mining purposes immediately before the taking and removal took place; that is, at the time when this coal had become accessible by the mining operations of the defendant. See, as supporting this conclusion, *Livingston v. Rawyards Coal Co.,* 5 App. Cas. 25.

Plaintiff's contention, however, is that, if the taking of the coal by defendant was willful or negligent, plaintiff was entitled to its value at the mouth of the pit, ready

3. Same: evidence: trespass: damages: affirmance of ruling by equally divided court.

for sale, without deduction in defendant's favor of the cost of mining and elevation, and that the court erred in excluding evidence of willfulness or negligence on defendant's part, and as to the value of the coal at the mouth of the mine. The allegations of plaintiff's petition were in brief that he was the owner at the time his cause of action accrued of the land described; that defendant entered thereon for the purpose of mining and removing the coal to which it was entitled under its contract; that in removing its said coal defendant wrong-

fully broke and entered upon one-fourth acre of land upon which plaintiff's barn was situated, and which had been reserved from the mining lease, and, "without the permission or license of plaintiff, unlawfully mined, excavated, carried away, and appropriated to its own use the coal underlying the said one-fourth-acre tract of the actual value of $1,000," and in so removing the said coal underlying said one-fourth-acre tract left no support to protect the surface of the land from subsidence, in consequence whereof said land caved in and gave way in many places, damaging plaintiff's barn located thereon and its foundation, rendering it unfit for use, and generally greatly depreciating the fair market value of the entire tract of land, of which said one-fourth-acre tract was a part, and for all the injury, including the value of the coal taken, plaintiff asked damages in the aggregate sum of $10,000. In an amendment to his petition plaintiff alleged that the trespass complained of was willfully and knowingly done by defendant, and that the actual value of the coal mined, excavated, carried away, and appropriated by defendant, as alleged in the petition, was $2,500. In a subsequent amendment to the petition plaintiff alleged that he was entitled to double damages for all loss and injury claimed by him by reason of the taking of the coal and undermining and injuring his land as stated and complained of in his original petition. The judges of this court are equally divided in opinion as to whether, under these allegations, plaintiff should have been allowed to offer evidence of willfulness and negligence in trespassing on the quarter acre reserved to plaintiff, and of the value of the coal at the mouth of the mine, especially in view of the provision of Code, section 2485, that "any owner or person operating a mine who, without permission, takes coal from adjoining lands, shall be liable in double damages therefor and for all expenses caused thereby." The rulings of the trial court in respect to

these questions are therefore affirmed by operation of law, as provided in Code, section 195.

II. From the language of the reservation in the sale of the coal under this tract of land it is apparent that there was some uncertainty as to how the quarter acre under the barn should be described, and what its exact boundaries should be, and counsel for defendant contend that this uncertainty was such as to deprive the reservation of any effect whatever. It may be conceded without citation of the authorities relied upon that a conveyance in like terms would be invalid; and, unless it could be reformed in some way, so as to express the exact intention of the parties, it would be ineffectual to vest title. But the reservation was of one-quarter acre of coal to support the barn, and it was immaterial to either party just what the boundaries of such quarter acre should be, so that it furnished the support required. In other words, the defendant was forbidden to remove one-quarter acre of coal, and was thereby deprived of the profit which would otherwise have accrued to it from the removal of that quantity, and the plaintiff was entitled to have that quantity of coal remain for his advantage, not as coal, but as support. Taking into account the circumstances and evident purposes of the reservation, we have no difficulty in reaching the conclusion that the trial court did not err in so instructing the jury that the plaintiff was allowed to recover the value of the coal taken from one-quarter acre of land under the barn.

4. SAME: grants: reservation: sufficiency of description.

III. Many other errors are assigned in behalf of the defendant, but an examination of the record shows them to be without merit. The controlling considerations in estimating the measure of damages were properly submitted to the jury, and none of the minor rulings complained of could have been prejudicial in regard to the determination of these questions.

IV.  A separate appeal is prosecuted by the defendant from the action of the court in overruling its motion for retaxation of costs of the reporter's transcript of the evidence.  The abstract on this separate appeal does not show what evidence was submitted to the court in connection with this motion, although plaintiff, in a denial of appellant's abstract, insists that oral evidence was heard, and denies also that the transcript itself was offered in evidence or considered by the court in determining the motion.  No doubt the judge of the lower court might for himself examine the transcript for the purpose of determining the number of words contained therein, but it does not appear that he did so, and we think we are not bound to go to the transcript, which has been certified to us from the lower court, for the purpose of determining the fact.  In the absence of a conclusive showing to the contrary, we must presume that the lower court made a proper ruling on the motion, and its ruling is therefore affirmed.

5. RETAXATION OF COSTS: presumption on appeal.

Finding no error in the record, the judgment is on both appeals *affirmed.*